(14 Misc. Rep. 264.)

### PEOPLE v. LEWIS.

(Court of Oyer and Terminer, Rome County. October 14, 1895.)

1. WITNESS—PRIVILEGE—INCRIMINATING TESTIMONY.
    Pen. Code, § 79, providing that the testimony of a witness at any hearing, trial, or proceeding relating to bribery shall not be used in any prosecution or proceeding, civil or criminal, against the witness, fully protects him from prosecution for perjury, if his testimony at the investigation before the grand jury differs from that given at a prior examination, and therefore he cannot refuse to testify on the ground that his testimony may incriminate him.

2. SAME—IMMUNITY FROM PROSECUTION.
    Pen. Code, § 79, providing that the testimony of a person at an examination of a charge of bribery shall not be used against him in any civil or criminal cause, and that a person "testifying to the giving of a bribe, which has been accepted, shall not thereafter be liable to * * * prosecution * * * for that bribery," merely exempts from prosecution the bribe giver, and therefore the person accepting the bribe may refuse to testify before the grand jury as to whether he had been offered a bribe, on the ground that his testimony may tend to incriminate him.

Motion to adjudge Robert W. Lewis guilty of contempt of court in refusing to answer certain questions put to him by the grand jury. Denied.

George S. Klock, Dist. Atty., for the motion.
A. D. Kneeland, opposed.

WRIGHT, J. The grand jury has under investigation a charge against a person whose name is unknown for the crime of bribery under section 41 of the Penal Code, which provides that any person who by bribery, menace, or other corrupt means directly or in-

directly attempts to influence the vote of any person entitled to vote at any political caucus or convention is guilty of a misdemeanor. The defendant, on August 10, 1895, was a duly-elected delegate to the Republican county convention of Oneida county. The charge before the grand jury is that a person whose name is unknown attempted, prior to said convention, to influence the defendant, as such delegate, to vote in the convention for Mr. Coggeshall as nominee for the office of state senator by offering him the sum of $500 therefor. The defendant was sworn as a witness before the grand jury, and the following question, among others, was put to him: "Did any person attempt to bribe you on the 14th day of August last, or corruptly influence your action as a delegate to the Republican county convention?" The defendant refused to answer, on the ground that his testimony might incriminate him. The constitution of the United States provides that no person "shall be compelled in any criminal case to be a witness against himself." Amend. 5. This provision has been incorporated into the constitution of our own state (article 1, § 6), and has long been regarded as one of the safeguards of civil liberty. Judge O'Brien, in People v. Forbes, 143 N. Y. 227, 38 N. E. 303, speaking of this provision, says:

"It should be applied in a broad and liberal spirit, in order to secure the citizen that immunity from every species of self-accusation implied in that brief but comprehensive language."

The defendant, therefore, in his silence, is behind the shield of the constitution, and enjoys absolute protection against every species of judicial compulsion as a witness to self-accusation of crime, unless the statute affords him absolute immunity from punishment for any crime which his testimony here called for might be competent as tending to prove, or unless it is so perfectly clear and plain as to preclude all reasonable doubt that the answer cannot possibly tend in any degree to subject him to the peril of criminal prosecution. Janvrin v. Scammon, 29 N. H. 280. The learned district attorney urges that the statute affords the defendant absolute immunity, and cites section 79 of the Penal Code, which provides as follows:

"A person offending against any provision * * * of this Code relating to bribery is a competent witness against another person so offending, and may be compelled to attend and testify upon any trial, hearing, proceeding or investigation, in the same manner as any other person. But the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying. A person so testifying to the giving of a bribe, which has been accepted, shall not thereafter be liable to indictment, prosecution or punishment for that bribery, and may plead or prove the giving of testimony accordingly in bar of such indictment or prosecution."

The defendant's counsel, however, urges that the above statute does not protect his client against liability on a charge of perjury in case his testimony before the grand jury should differ materially from that heretofore given by him touching this same matter on an examination before the county judge. But that is untenable, for neither his testimony given before the county judge nor that which he may give before the grand jury can be the basis of a

charge of perjury, or used against him in any civil or criminal proceeding. Both of said testimonies, under section 79, above quoted, are forever sealed in absolute judicial confidence and legal secrecy. The defendant, therefore, will be in no danger of a prosecution for the crime of perjury if he shall answer the questions propounded by the grand jury.

We are now brought to the question, is the defendant excused from answering on the ground that his testimony may criminate him in the charge of bribery? The district attorney urges that sections 41r and 79 of the Penal Code afford the defendant absolute immunity. Section 41r provides that the giving of testimony either by the bribe giver or bribe taker shall be a bar to any criminal prosecution against the person so testifying. But that section relates solely to bribery respecting the exercise of the right of franchise, and does not touch the matter of bribery at caucuses or conventions. And, although section 79 provides that neither the testimony of the bribe giver nor bribe taker shall be used in any civil or criminal proceeding against the person so testifying, yet it provides immunity from criminal prosecution for such bribery only to the bribe giver, and provides no such immunity to the bribe taker. The defendant, therefore, does not enjoy statutory protection from prosecution on the charge of bribery.

We are now brought to the third question: Is it so perfectly clear and plain as to preclude all reasonable doubt that the defendant's answers to the questions propounded to him cannot possibly tend, in any degree, to subject him to the peril of criminal prosecution? I think not. His testimony may tend to reveal the fact that he actually received a sum of money as a bribe, and the name and identity of the person from whom he received it, and the names of other witnesses, and also the facts surrounding the transaction, which might prove his criminality. Since section 79, above mentioned, affords immunity to the bribe giver from criminal prosecution because of bribery at the convention, but none to the bribe taker, evidently it would be dangerous for the defendant to reveal the name of the bribe giver, whose testimony might be adduced against him on a charge of bribery. The fact that he testified before the county judge to his absolute innocence in the matter, and that the offer of $500 for his vote, made by some person whose name he declined to give, was indignantly spurned by him, does not neutralize the force of his claim to the constitutional protection. People v. Forbes, supra. The evidence which he may reveal may establish his guilt instead of innocence. Therefore his statement under oath that his testimony will tend to incriminate him has legal force in this case, and consequently the constitution shields him from the statutory force of said section 79, which otherwise would compel him to testify. This view is sustained by authority. In the case of People v. Forbes, supra, the question involved was the right of the witness Taylor to refuse to answer certain questions put to him by the grand jury, touching his knowledge of a homicide caused by the administration of chlorine gas. After testifying to his entire innocence, and denying that he was

the author, or in any way connected with, the perpetration of the offense, he was questioned as to particular facts and circumstances, which he refused to answer, on the ground that his testimony might tend to criminate him. Judge O'Brien, in delivering the opinion of the court, after referring to the decisions of many state and federal courts, says:

"The principle established by these decisions is that no one shall be compelled in any judicial or other proceeding against himself, or upon the trial of issues between others, to disclose facts or circumstances that can be used against him to prove his guilt or connection with any criminal offense of which he may then or afterwards be charged, or the sources from which evidence of its commission or of his connection with it may be obtained."

And the court held that the claim of privilege by the witness was well taken.

In Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, the question decided is very similar to the one under discussion. In that case the grand jury was engaged in the investigation of offenses committed by certain railroad companies in violation of the interstate commerce act of congress, and a witness refused to answer certain questions as to the tariff rates which had been allowed him by some of the railroads, on the ground that his testimony might tend to criminate him. There is a general federal statute which provides that the testimony given by a witness on an investigation concerning the violation of the interstate commerce act shall not be given in evidence against him subsequently in any civil or criminal action or proceeding. Rev. St. U. S. § 860. The court sustained the position of the witness, and held that the meaning of the constitutional privilege under discussion is "that a witness is protected from any compulsory disclosure of the circumstances of his offense, or the source from which or the means by which evidence of its commission or of his connection with it may be obtained, or made effectual for his conviction, without using his answers as direct admissions against him." Judge O'Brien, in People v. Forbes, supra, in commenting upon the case of Counselman v. Hitchcock, and on the application of the federal statute providing that the testimony of a witness regarding the violation of the interstate commerce act shall not be used against him, says:

"It seems that in such cases nothing short of absolute immunity from prosecution can take the place of the privilege by which the law affords protection to the witness."

And with regard to the force which should be given to the statement of the witness that his answers may incriminate him the judge further says:

"The witness who knows what the court does not know, and what he cannot disclose without accusing himself, must in such cases judge for himself as to the effect of his answer; and if, to his mind, it may constitute a link in the chain of testimony sufficient to subject him to the hazard of a criminal charge, indictment, or trial, he may remain silent."

The district attorney in this case is entitled to great commendation for his zeal in ferreting out the truth respecting this notorious charge of political bribery, but the law will not permit him to obtain the testimony of the defendant for that purpose. The defendant is discharged.