THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DAVID S. GROSSMAN, Defendant.

County Court, Bronx County, December 9, 1932.

*Charles B. McLaughlin, District Attorney [Martin M. Frank* of counsel], for the plaintiff.

*Abraham L. Sainer [Maurice F. Cantor* of counsel], for the defendant.

STACKELL, J. This is a motion to dismiss two indictments found against the defendant. The first indictment charges him with a violation of section 1826 of the Public Officers Law, and the second indictment charges him with conspiracy under section 580.

The alleged facts are as follows: The defendant Grossman was an employee of the board of education in the capacity of a clerk.

Some time prior to June, 1931, there were rumblings of corruption and malfeasance in the said department. In order to determine whether such corruption really existed, a subpœna was issued to the defendant Grossman by the president of the board of education to appear before a special committee designated to make the investigation. Grossman, upon being sworn as a witness, refused to answer, claiming his constitutional rights on the ground that the answers given might tend to incriminate and degrade him.

It also appears from the moving papers that the member directing the investigation is alleged to have made some promise that he would try to secure immunity if Grossman answered the questions. This is denied by the People. Under this alleged promise or agreement, Grossman admitted the acceptance of moneys or rewards from certain contractors named in the indictment for having furnished certain information to them.

The questions now to be determined are: (1) Whether section 381 of the Penal Law has any application to defendant's testimony before the committee, and (2) whether section 584 of the Penal Law has given the defendant immunity with respect to the conspiracy count.

(1) At the outset, it may be conceded that the term " hearing " or " investigation " conducted by the committee of the board of education falls within the pale of section 406 of the Civil Practice Act, permitting an officer duly authorized to conduct such a hearing to subpœna witnesses to appear and testify before him, lest the person be guilty of contempt for such refusal to appear. (*People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465.) It is doubtless true that the said officer is not clothed with power to grant complete immunity unless there is statutory sanction therefor. (Cf. Penal Law, § 584.)

The defendant is alleged to have received bribes in violation of his official post.

The crime of bribery consists of offering a bribe to a public officer with intent to influence him in his official conduct. (Penal Law, § 378.) The crime of bribery is thus committed though the public officer rejects the offer to bribe him. The acceptance of the bribe entails the commission of a distinct crime by a public officer. This distinct crime is separately defined in section 372 of the Penal Law. We will confine ourselves solely to sections 372 and 378 of the Penal Law as regards their force and effect upon section 381 of the Penal Law.

Section 372 of the Penal Law reads as follows: " A judicial officer, a person who executes any of the functions of a public officer not designated in articles one hundred and twenty-four and one hundred

and seventy and in section twenty-three hundred and twenty of this chapter, or a person employed by or acting for the state, or for any public officer in the business of the state, who asks, receives, or agrees to receive a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, upon any agreement or understanding that his vote, opinion, judgment, action, decision or other official proceeding, shall be influenced thereby, or that he will do or omit any act or proceeding, or in any way neglect or violate any official duty, is punishable by imprisonment for not more than ten years, or by a fine of not more than five thousand dollars, or both. A conviction also forfeits any office held by the offender, and forever disqualifies him from holding any public office under the state." This section deals with the officer *accepting* the bribe.

Section 378 of the Penal Law▌reads as follows: " Bribing certain public officers. A person who gives or offers, or causes to be given or offered, a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, to a person executing any of the functions of a public office, other than one of the officers or persons designated in articles one hundred and twenty-four, one hundred and seventy, and in sections three hundred and seventy-one and twenty-three hundred and twenty of this chapter, with intent to influence him in respect to any act, decision, vote, or other proceeding, in the exercise of his powers or functions, is punishable by imprisonment for not more than ten years, or by a fine of not more than five thousand dollars, or both." This section relates to the individual *giving* the bribe.

Section 381 of the Penal Law* reads as follows: " A person offending against any provision of any section of this chapter relating to bribery and corruption, is a competent witness against another person so offending, and may be compelled to attend and testify upon any trial, hearing, proceeding, or investigation, in the same manner as any other person. But the testimony so given shall not be used in any prosecution or proceeding, civil or criminal, against the person so testifying. A person so testifying to the giving of a bribe which has been accepted, shall not thereafter be liable to indictment, prosecution, or punishment for that bribery, and may plead or prove the giving of testimony accordingly, in bar of such an indictment or prosecution." This section has bearing on the compulsion of persons to testify, the use that may be made of their testimony, and the granting of immunity.

It is the contention of the defendant that section 381 of the

Penal Law read in its entirety gives complete and absolute immunity where one testifies to the *giving of a bribe* which has been accepted, be he giver or taker, assuming that immunity has been granted. With this I do not agree.

It will aid us in a large measure if we consider section 381 in piecemeal fashion.

The first sentence of this section compels the attendance of a person offending the statute and makes him a competent witness against another person who also offends the statute. Here we note that there is no class distinction between the giver of a bribe and the taker. "A person offending" includes in this class both wrongdoers, the giver and the taker. (Cf. State Const. art. 13, § 4.)

The second sentence precludes the use of any testimony given by the witness in any prosecution or proceeding, civil or criminal, against the person so testifying. This also includes both groups of offenders, the giver and the taker of the bribe. We note that only partial immunity is granted here, to wit, that the testimony given by the witness cannot be used against him.

The third sentence bears on the question of immunity. We must now determine whether the privilege of absolute immunity can be granted to the two types of offenders, the giver and the taker. The salient part of that sentence reads that " a person so testifying to the *giving* of a bribe which has been accepted, shall not thereafter be liable to indictment, prosecution, or punishment for that bribery, * * *." The defendant contends that the wording of this sentence is broad enough to include both classes of offenders, the giver and the taker of a bribe. When we analyze this sentence carefully, we are not troubled by its phraseology; it becomes perfectly clear. The purpose in the minds of the framers of this statute for offering complete immunity to one group of offenders and denying it to another class, was because of the aid and assistance that could be offered in wiping out corruption and bribery in the various governmental departments. It was aimed at public officials who are corrupt and dishonest, and who, in the main, are the real menace to any good form of government. If we were merely to attack and destroy the diseased branches of a corrupt public family tree (in this instance, the giver), we do but little more than temporarily, at least, stave off the growth of other diseased branches that might be born to the tree of crime. It is for this reason that the Legislature saw fit to offer immunity to one class only, namely, the giver of the bribe. With the evidence of corruptness at hand on the part of the public malefactor, the law moves swiftly. It apprehends the official culprit; he is tried and convicted. By this speedy procedure the corruption is destroyed and the evil put

at an end. No other thought could have been contemplated under section 381 when we compare the sections of the Penal Law (§§ 372, 378) with those of the Constitution (Art. 13, §§ 2, 3) which read as follows:

" § 2. Any person holding office under the laws of this State, who, except in payment of his legal salary, fees or perquisites, shall receive or consent to receive, directly or indirectly, anything of value or of personal advantage, or the promise thereof, for performing or omitting to perform any official act, or with the express or implied understanding that his official action or omission to act is to be in any degree influenced thereby, shall be deemed guilty of a felony. This section shall not affect the validity of any existing statute in relation to the offense of bribery."

" § 3. Any person who shall offer or promise a bribe to an officer, if it shall be received, shall be deemed guilty of a felony and liable to punishment, except as herein provided. No person offering a bribe shall, upon any prosecution of the officer for receiving such bribe, be privileged from testifying in relation thereto, and he shall not be liable to civil or criminal prosecution therefor, if he shall testify to the giving or offering of such bribe. Any person who shall offer or promise a bribe, if it be rejected by the officer to whom it was tendered, shall be guilty of an attempt to bribe, which is hereby declared to be a felony."

It will be observed that immunity is granted only to the bribe giver. To say then that a public officer who testifies to the *receiving* of a bribe, *accepted* by him, is entitled to a like immunity, is to juggle the phraseology of the statute. We will be straining the intent that the framers had in mind when they enacted this section if we conclude that the *taker* of a bribe is entitled to immunity for testifying to the *giving* of a bribe. The term " bribery " denotes an offer, a promise, a gift to a public officer which will influence him in his official post. Therefore, at most, the acceptor could testify to the *taking* of a bribe, for which there is no immunity. When the statute granted immunity to a person so testifying against prosecution or indictment for " that bribery," it must have referred to the only person who could have been guilty of " that bribery," namely, the one who bribed, for the taker, in no sense of the word, could be indicted or prosecuted for bribery, but merely for receiving a bribe. A fair construction of the statute, therefore, would be " a person so testifying to the giving of a bribe ' by him,' which has been accepted, shall not thereafter be liable to indictment * * *." We must find language, clear and unambiguous, either in the Constitution or in the statutes, that will warrant a holding

for the taker as well. As yet, the Legislature has not spoken. (*Matter of Doyle*, 257 N. Y. 244, 252.) That being so, we construe the section strictly.

In *People* v. *Anhut* (162 App. Div. 517) the court, in dealing with the subject of immunity, said: " The general rule in all civilized communities is that persons who have committed crime subject themselves to the punishments provided by law therefor, and, to establish immunity from conviction of a crime, the offender must bring himself clearly within some provision of law which grants such immunity."

The Legislature in enacting the various sections pertaining to bribery was careful in providing one section for the wrongful taking (§ 372) and another (§ 378) for the wrongful giving. It classified the offenses into two groups.

The same classification of giver and taker is found in the Constitution (Art. 13, §§. 2, 3). There the language speaks most unequivocally and unqualifiedly that the *giver* of a bribe, accepted by the officer, is entitled to the State's favor. No mention is made of immunity for the taker. In view of this persistent classification of the different types of offenders, what more natural than for the Legislature, if it had really meant to extend the immunity to takers as well as to givers, to say so in so many words. The simple addition of the words " or accepting " following the words " to the giving " would have expressed this intent beyond the possibility of misconstruction.

This conclusion is reinforced very emphatically when we follow the history and development of section 381, both by statute and cases. In 1895, prior to the consolidation of the New York laws, the case of *People* v. *Lewis* (14 Misc. 264) was before the court. It dealt with the question of a bribe taker. Section 79 of the Penal Code, which was the forerunner of the present section 381, was raised as to immunity given to bribe takers. There the court held that the privilege was accorded only to the giver of the bribe and not to the taker, the court laying stress upon the dangerous results that might follow if the other view were adopted. When the legislative commission met to consolidate the laws of New York in 1895, section 79 of the Penal Code was carried along without change, even though the case of *People* v. *Lewis* had already been reported. Section 79 (now section 381) has been on the statute books for over forty years, and the principle stated in *People* v. *Lewis* (*supra*) has never been amended or repealed. The same principle has been followed in *People* v. *Anhut* (162 App. Div. 517, 528, 529), where the court said that the immunity was accorded to the giver only. The case of *Matter of Doyle* (257 N. Y. 244) con-

tains strong dictum to the same effect. The above argument is reinforced when the various sections of the Constitution (Art. 13, §§ 2, 3) are read in conjunction with the above cases together with the various statutes. With this background of precedent, there would seem to be little room for doubt as to the scope and effect of the last sentence of section 381 on which defendant relies.

To summarize, therefore, my conclusion is that the first sentence of section 381 relates primarily to the compelling of testimony; the second sentence grants a partial immunity to both giver and taker; and the third sentence makes the immunity to the giver complete.

(2) Under section 584 of the Penal Law, which deals solely with conspiracy, a defendant may get complete immunity, provided his testimony is given before a magistrate, a referee or a court, and by no one else. The hearing at which the defendant testified was before neither a magistrate, a referee nor a court.

For all the reasons above stated, it is plain that the defendant derived no immunity from the giving of testimony before the committee, and that the motions made on his behalf should, therefore, be denied.