Van Voorhis, J.
The defendants were charged with giving, offering and causing to be given and offered to Patrolman William Halley the sum of $500 to influence him to release one Horace Boss who had been arrested by Halley and to drop all charges against Boss. After Boss had been booked on charges of malicious mischief, felonious assault upon a police officer and possession of narcotics, the defendants appeared at the station house. Defendant Hogan said that defendant Chapman was Boss’ cousin (which was untrue) and thereafter Chapman in Hogan’s presence offered Halley $500 to let Boss go and counted that sum of money out and placed it on a step. Hogan and Chapman were then arrested.
As the case comes to us the fact is established that, as testified by the police officers, this money was offered to Halley to “ Let Horace Boss go free without locking him up.” The indictment charges that the money was offered or paid to Halley “ to influence him to release one Horace Boss arrested by the said William Halley and to drop all charges against said Horace Boss.”
Section 378 of the Penal Law makes it bribery to offer or to pay money “toa public officer, or to a person executing any of *100 the functions of a public office ” if it is given to him ‘ ‘ with intent to influence him in respect to any act, decision, oath, opinion or other proceeding, in the exercise of the powers or functions which he has or may have ’ ’.
Only one real question remains in the case, which is whether releasing Boss and dropping the charges against him was within the official powers or functions of this public officer. The question is presented in various aspects, such as whether it was necessary to allege in the indictment that this came within Halley’s official powers or functions, whether it was a question for the jury or for the court, and whether the jury should have been limited according to an instruction requested in behalf of defendants on the same theory of the law. Apart from a request that defendants could not be convicted of bribery if the release of Boss by Patrolman Halley would be in violation of his duties, the declination of which was clearly correct, defense counsel requested the court to charge: “ I ask your Honor to charge that the bribe must relate to some official act which is in the power of the person bribed to accomplish or to influence, and that if an offer to and acceptance by a public officer of a so-called bribe in connection with some act which is not in his power, as an official to grant or influence, is not bribery.” This request was declined and counsel excepted.
The basis for the request was that at the time when this money was paid to Halley by defendants, Horace Boss had already been booked on the three charges mentioned awaiting arraignment, Patrolman Halley’s duties with respect to Boss had ended, and that he was about to start out again on patrol. It is said that he had no power to release him if he would, and that consequently the purpose for which the jury found that the money was offered did not fall within his official duties as required by section 378 of the Penal Law. Halley testified that it was still within his power to “have physically released” Boss, for the reason that he was his prisoner.' The order of events had bceu. first, that Boss broke the window and otherwise damaged the bar and grill, not in the presence of the arresting officers, later that he was charged with assaulting the officers in making his arrest, and, finally, when searched at the police station, he was found to have been carrying heroin in a glassine envelope in his pocket. It would appear that if the damage to the prop *101 erty at the bar and grill exceeded $250, as defendants’ counsel asserted it was, the offense of malicious mischief amounted to a felony (Penal Law, § 1433). In that event the officers had power to arrest him on probable cause without a warrant, from which it follows that it might have been in the power of the officers to let him go on that charge on the basis that they were not in possession of sufficient evidence to constitute probable cause to believe him guilty in making the arrest. We are not inclined to construe the bribery statute narrowly enough, however, to render that of particular importance.
“ The gist of the crime of bribery is the wrong done to the people by corruption in the public service ” (People v. Lafaro, 250 N. Y. 336, 342; People v. Ryan, 12 A D 2d 841) and, although the money must be offered to the officer to act or refrain from acting in a matter over which he may be assumed to have power, the statute against bribery does not refer directly to jurisdiction, and official action means such as properly belongs to the office even if the right to perform it did not exist in the particular case (People v. Jackson, 191 N. Y. 293). In the case last cited it was said (pp. 300-301):
“ It is sufficient if the defendant assumed, colore officii, to perform a function belonging to his office even if the right to perform it did not exist in the particular case [citing cases].
“ Just as an officer de facto is punishable for malfeasance in office the same as if he had been an officer de jure, so an officer de jure acting apparently with, but really without jurisdiction, is punishable for accepting a bribe the same as if he had had complete jurisdiction, provided the action to be corruptly taken was in form appropriate to the office held by him. (State v. Goss, 69 Me. 22; Mechem on Public Officers, § 336; 1 Bishop on Criminal Law, § 917.) We have just held that the City Court of the city of New York has no jurisdiction of an action against that city (O’Connor v. City of New York, 191 N. Y. 238), but is it possible that the statute against bribery has no application to the discharge of official duties in the cases in which that court assumed jurisdiction without having it? * * #
11 No precedent in this state holds jurisdiction in the particular case essential to establish the crime of bribery when the defendant had general power as an officer to act in like cases upon proof of a particular fact and we decline to follow such courts *102 in other states as have so held. The weight of authority is the other way. .We do not hold that the defendant is estopped from denying that he had jurisdiction, but, as his action was in the apparent line of his duty as a public officer, was official in form and intended to be official in fact, that he was guilty if he accepted a bribe whether he had jurisdiction or not. Any other rule would be a reproach to the law, for it would encourage official corruption and tend to subvert the honest administration of justice. The offense of the defendant, whether he was with or without jurisdiction is the same in morals and we think it is the same in the eye of the law.”
The Jackson case involved bribery of a Coroner to discharge the accused after hearing the charge against him, and, although he assumed to act under the statutory powers conferred upon a Coroner, in the particular case he lacked jurisdiction inasmuch as the death occurred in New Jersey and the Coroner had not obtained possession of the body. Under the applicable cases he, therefore, did not have jurisdiction. Nevertheless the indictment charging him with bribery was held to be sufficient on appeal.
In another often-cited case (People v. Lafaro, supra) the bribery conviction was affirmed where the defendant had bribed a village police officer to refrain from instituting a criminal proceeding in the Federal court for violation of the National Prohibition Act. The opinion states (p. 343) that the duties and functions of police officers have never been rigidly limited, that they are the guardians of the public peace, and that “ the public is accustomed to look upon them also as the guardians of the comfort, safety and good order of the locality against dangers arising from other causes than offenses against the peace and dignity of the State. ’ ’ It was noted that1 £ In matters germane to the official functions and duties of police officers there may be a wide scope to the exercise of discretion as to the form and range of services to be rendered ”, and, although the case is not entirely in point, it manifests a tendency to construe section 378 of the Penal Law broadly in order to effect the purposes of the law which, as was pointed out in People v. Jackson (supra), are to prevent corruption in the public service in matters over which the officer may be assumed to have power regardless of whether, in the particular case, he actually is authorized by law to execute it.
*103 In People v. Harvey (235 N. Y. 282), although the judgment of conviction was reversed on other grounds, the court stated that offer of payment of money by the defendant to the county detective to cause the release of a person who had been arraigned and admitted to bail on a criminal charge was enough to constitute bribery under section 378 of the Penal Law. The court said (p. 287): “If Harvey offered to give Plant $200 to ease up on O’Neill and procure his discharge, or promised to give bim such sum, he was guilty of the crime of bribery, as stated in this section.”
Under the circumstances of the case now before us, although it may well be that Patrolman Halley was without actual power to cause the criminal charges against Horace Boss to be dismissed, he admits that it was within his physical power to have let him escape and it is clear that def endants-appellants assumed that Halley could have let Boss “ go free ”, or have arranged “ to drop all charges against ” him in the language of the indictment. As pointed out above, the charge of malicious mischief involved the destruction of more than $250 worth of property, an offense punishable by up to four years in State prison (Penal Law, § 1433), and consequently a felony, and the other two charges of assaulting an officer and possession of narcotics with intent to sell were either felonies or committed in the presence of the officer. Halley was, therefore, in a position, or, if not, appeared to have been in position to cause the discharge of Boss by disclaiming knowledge of facts sufficient to constitute probable cause for his arrest of Boss for the felony of malicious mischief which he had committed outside of the presence of the officer, and to vary his testimony against him on the other charges by denying that he and his brother officer had been assaulted by Boss when he was arrested or that they had found the glassine envelope supposed to have contained heroin upon his person. The law on the subject of colorable authority was correctly expressed in the charge.
It hardly seems that we need to split hairs over whether Halley had colorable authority as a public officer to accomplish all of what he is supposed to have promised when this money was paid to bim by def endants-appellants. No cases have been cited on whether there needs to be colorable authority to do everything that is promised, under such circumstances, or only the principal *104 items for which the bribe is offered or paid. This is not important to the present appeal, inasmuch as Patrolman Halley as matter of law possessed at least colorable authority to do everything for which the money was paid to him by appellants. It was not necessary to allege in the indictment that he had actual or colorable authority to do these things.
The judgments of conviction against appellants should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Burke, Foster and Scileppi concur.
Judgments affirmed.