THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KING BROWN, Respondent.

First Department, May 15, 1975

*Hugh Anthony Levine* of counsel *(T. James Bryan* with him on the brief; *Robert M. Morgenthau, District Attorney),* for appellant.

*Susan E. Hofkin* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for respondent.

CAPOZZOLI, J. We are unanimous in holding that the appeal should be dismissed for the cogent reasons expressed in the opinion of Mr. Justice NUNEZ.

However, we do not agree with Mr. Justice NUNEZ that the trial court was correct in dismissing the indictment. In view of our disposition of the appeal, there is no need to pass upon the propriety of the action of the trial court in dismissing the indictment. If the appeal were not being dismissed, we would reverse. We believe the evidence was sufficient to spell out a prima facie case of bribery, as defined in section 200.00 of the Penal Law, and the motion to dismiss at the conclusion of the People's case should have been denied.

We read the section as making criminal the offer by a defendant to bribe a public servant. The Practice Commentary (McKinney's Cons. Laws of N.Y., Book 39) to section 200.00 of the Penal Law in part reads: "It is substantially a restatement of the former law. Section 200.00 is directed at the *bribe giver:* a person who confers, or offers * * * to confer * * *. The gist of the crime of bribery is the *effort* to secure an impermissible advantage in the decision-making process of government." (Emphasis in original.) In this connection it is noteworthy that, under the former Penal Law, a bribery conviction on similar facts to those in the case at bar was affirmed. *(People v Chapman,* 13 NY2d 97.) Since the dismissal of the indictment is not properly before us, we take no action with reference to same.

However, as above stated, the appeal of the People is unanimously dismissed.

NUNEZ, J. (concurring). Defendant Brown was indicted, charged with the crime of bribery as defined in section 200.00 of the Penal Law, in effect at the time the indictment was filed. At the conclusion of the People's case at the trial to the court and jury, the court granted defendant's motion to dismiss the indictment on the ground that a prima facie case had not been made out. CPL 290.10 provides that the court may issue a "trial order of dismissal" at the conclusion of the People's case or at the conclusion of all the evidence, upon the ground that the trial evidence is not legally sufficient to establish the offense charged. The People appeal pursuant to

CPL 450.20 (subd 2) providing that the People may, as of right, appeal from such a trial order of dismissal.

The indictment specifically alleged that on February 20, 1973 the defendant offered a sum of money to a police officer "upon an agreement or understanding" (words of Penal Law, § 200.00) that the officer's decision and exercise of discretion as a public servant would thereby be influenced. The court in a comprehensive opinion reviewing the evidence and applicable law granted the motion to dismiss on the ground that the People failed to prove that the offer of money to the police officer was based upon an "agreement or understanding" that the officer's action would thereby be influenced. Concededly, the officer did not agree to accept the offer. On the contrary, he immediately notified his superior officer and induced the defendant to repeat the offer after he, the police officer, had been provided with a recording device to obtain the necessary evidence of defendant's offer to bribe him.

*Fong Foo v United States* (369 US 141) involved a trial not completed where the Trial Judge directed a verdict for the defendants on the ground of prosecutorial improprieties and lack of credibility of Government witnesses. The Court of Appeals had held that the Trial Judge had no power to direct an acquittal on the record before it. The Supreme Court reversed, though the Court of Appeals "thought, not without reason, that the acquittal was based upon an egregiously erroneous foundation" *(id.,* p 143). In the present case, as in *Fong Foo,* the ruling of the trial court is based in part on the evidence adduced at the trial and in part on the court's interpretation of the law.

It should be noted that the Government is given a most liberal right of appeal.* Nevertheless, the Supreme Court has repeatedly struck down Government appeals from rulings favorable to defendants as violative of the Fifth Amendment. In *United States v Jenkins* (420 US 358), the respondent Jenkins was indicted for failing to enlist in the armed forces. After a bench trial the District Court dismissed the indictment and discharged Jenkins. The Government appealed the

---

* Section 3731 of title 18 of the United States Code (1970) provides, in relevant part: "In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

District Court's ruling but the Second Circuit dismissed the appeal "for lack of jurisdiction on the ground that the Double Jeopardy clause prohibits further prosecution." (490 F2d 868, 880.) The Supreme Court affirmed. It reasoned (p 370); "Here there was a judgment discharging the defendant, although we cannot say with assurance whether it was, or was not, a resolution of the factual issues against the Government. But it is enough for purposes of the Double Jeopardy Clause, and therefore for the determination of appealability under 18 USC § 3731, that further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would have been required upon reversal and remand. Even if the · District Court were to receive no additional evidence, it would still be necessary for it to make supplemental findings. The trial, which could have resulted in a judgment of conviction, has long since terminated in respondent's favor. To subject him to any further such proceedings at this stage would violate the Double Jeopardy Clause". The court quoted from *Green v United States* (355 US 184, 187): "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity".

We read *United States v Jenkins (supra)* and *United States v Wilson* (420 US 332) as holding that only where there has been a jury verdict of guilty or findings by the court in a nonjury trial to support a verdict of guilty, but the trial court in either case then finds in the defendant's favor on a question of law, will appeal be permitted. In such case the Double Jeopardy Clause does not bar an appeal because errors of law may be corrected and the guilty verdict reinstated without another trial.

In this case, since there has not been a verdict of guilty or a finding of facts sufficient to support the defendant's guilt, a successful appeal by the People would result in a second trial in violation of the operative principle of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and section 6 of article I of the Constitution of the State of New York. For the foregoing reasons the appeal is dismissed.

The appeal from the order of the Supreme Court, New York County (BIRNS, J.) entered on April 24, 1974 should be dismissed.

Speaking only for myself, if we were not dismissing the appeal and reached the merits, I would affirm the order appealed from on the comprehensive and well-reasoned opinion of Mr. Justice BIRNS. Reliance by the majority on *People v Chapman* (13 NY2d 97) is misplaced. *Chapman,* decided under the old law, sheds no light whatsoever on the interpretation of the present bribery definition (Penal Law, § 200.00) which requires "an agreement or understanding" that the officer's decision and exercise of discretion as a public servant would thereby be influenced. These are the plain words of the statute. No commentary can change them.

STEVENS, P. J., MARKEWICH and LUPIANO, JJ., concur with CAPOZZOLI, J.; NUNEZ, J., concurs in a separate opinion.

Appeal from order, Supreme Court, New York County, entered on April 24, 1974, unanimously dismissed.