Chief Judge Breitel
(dissenting). I dissent and vote to reverse and reinstate the appeal in the Appellate Division and remit to that court for further proceedings.
The Appellate Division misconstrued and therefore misapplied the holdings in United States v Jenkins (420 US 358) and in United States v Wilson (420 US 332). Those holdings stand for the proposition that whenever a criminal charge has been dismissed, in whatever way, after a fact-finding consideration of any of the elements of fact involved in the charge, there may not be a new trial on that charge. It makes no difference, after jeopardy has attached, at what stage in the trial, jury or nonjury, the consideration of the factual element occurred which resulted in the dismissal of the charge. Moreover, it is enough that the appellate court cannot say with assurance whether there was a resolution of any of the factual issues against the prosecution. A reading of United States v Jenkins (supra, at pp 368-370) supports the above analysis. It does not extend to the situation where it is clear beyond doubt *395 that no factual issue has been resolved in favor of defendant on the trial. In such case the suggestion in Serfass v United States (420 US 377, 394) is applicable, namely, that a trial interrupted by defendant’s motion to dismiss on a pure question of law and the erroneous granting of such motion does not necessarily bar a retrial. Notably, the Serfass case was decided a week later than the Jenkins case.
There is no dispute concerning what occurred at the trial in this case. Notably, this was a jury trial and not a nonjury trial as was involved in the Jenkins case. The People gave proof that defendant King Brown offered money to police to obtain the release from arrest of one Angel Rodriquez. Rodriquez had been arrested for possession of a stolen automobile. Immediately after the presentation of the People’s case the trial court dismissed the indictment, on defendant’s motion, on the ground that the People had failed to submit proof of an element of the crime of bribery. The trial court held that there was no proof whether any public officer had agreed or understood that his decision or exercise of discretion would be influenced by the offer of money. The People appealed.
Although a majority of the Appellate Division concluded that the trial court was in error as a matter of law in so holding, it nevertheless dismissed the appeal. It did so because the Appellate Division correctly observed that the crime of bribery did not require any agreement or understanding to accept a bribe for the purpose for which it had been offered.
The Appellate Division believed it was constrained, however, by the holdings in the Jenkins and Wilson cases (supra), on the view that double jeopardy had attached and that therefore a retrial of defendant would be barred. They indicated this view by their concurrence in part with the opinion of Mr. Justice Nunez who read the Jenkins and Wilson cases to require that a retrial, as well as an appeal, is prohibited unless there has been a finding by jury or bench at the trial level in favor of guilty by the defendant. Of course, if there had been a verdict of guilt, but set aside erroneously as a matter of law, correction of the error at the appellate level would not require a retrial, because the verdict or judgment could be reinstated (United States v Wilson, 420 US 332, 352-353, supra). So Mr. Justice Nunez stated in his opinion: "since there has not been a verdict of guilty or a finding of facts sufficient to support the defendant’s guilt, a successful appeal by the People would result in a second trial in violation of the *396 operative principles of the Double Jeopardy Clause.” (48 AD2d 95, 98.)
In so concluding, the Appellate Division has misapplied the cited cases. To recapitulate, the United States Supreme Court has held that where a Judge, in terminating a nonjury trial, possibly made a finding of fact favorable to the defendant, no further proceeding was constitutionally permissible. For double jeopardy purposes, a termination of trial where it is unclear whether the basis was entirely or in some measure based upon a finding of fact, there is an acquittal as a matter of constitutional law, however the acquittal may be denominated.
In this case, however, there was not the slightest suggestion by the trial court that any of the People’s proof was wanting in weight or credibility but instead the indictment was dismissed before anything had been submitted or considered by the fact finders solely on a pure question of law. Since the jury never received the issues of fact there was never any possibility that a determination by the jury in favor of defendant had been made by them. Had the trial court in dismissing the indictment as a matter of law weighed any one or more of the elements of fact in the case, then the double jeopardy clause applied and a retrial would be prohibited. Hence, the rule in the Jenkins case is inapplicable, because neither Judge nor jury had passed on any issue of fact.
It is not true that in any case where a jury has been impaneled or proof has been taken which does not result in a finding of guilt that there is automatic double jeopardy. As the court held in Illinois v Somerville (410 US 458, 467) and reaffirmed in Serfass v United States (420 US 377, 390, supra): "the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial.” If the termination of the trial is due to some "manifest necessity”, such as the death of the Judge, or because the termination is made on application of the defendant addressed to a pure question of law, there is no double jeopardy, although jeopardy attached at the beginning of the trial (see Illinois v Somerville, supra, at p 468). In the case where the termination is by defendant’s motion or at his instance the termination is his "fault” (see United States v Kehoe, 516 F2d 78, 86; cf. United States v Tateo, 377 US 463, 467). If, on the other hand, the termination is due to the *397 "fault” of the prosecution, a retrial is prohibited under historical'and current double jeopardy principles.
Accordingly, I dissent and vote to reverse and reinstate the appeal of the People in the Appellate Division and to remit the proceedings to that court.
Judges Gabrielli, Wachtler, Fuchsberg and Cooke concur with Judge Jones; Chief Judge Breitel dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Order affirmed.