Memorandum. ,The order of the Appellate Division, is affirmed.
The defendants were charged with bribery in the second degree (Penal Law, § 200.00), the indictment alleging that they "conferred, offered and agreed to confer a benefit, to wit: Money, upon a public servant, to wit: [the then Assemblyman of the State of New York, for a portion of Orange County], upon his agreement and understanding that such public servant’s vote, opinion, judgment, action, decision, or exercise of discretion as a public servant would thereby be influenced so that property owned by defendants and known as the Comfort Farm, would be permitted to connect to and become a part of a water district and sewer district located in the Town of Wallkill, Orange County, New York”. Initially, we note the commendable conduct of the then Assemblyman, who, upon being approached, promptly informed the prosecutorial authorities of the actions of the defendants. His responsible action led to the indictments herein.*
Section 200.00 of the Penal Law provides: "A person is guilty of bribery in the second degree when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant’s vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced”. A motion to dismiss the indictment was granted by the County Court, Orange County, and affirmed by the Appellate Division, on the ground that the offer to bribe an official sought the performance of acts which were beyond his public service capacity within the meaning of the statute.
The issue is whether Assemblyman Ingrassia, by virtue of his public office had colorable authority to act, as a public servant, to aid in achieving the result hoped for by the defendants. Although the actions of the defendants in offering *1096 a bribe to the Assemblyman are thoroughly reprehensible, the power to extend the water and sewage district to include the property owned by the defendants was vested solely in the town board. In his position as a member of the State Assembly, he had no official power, authority, or responsibility which was in any way related to consideration of an extension of the service districts and thus this particular statute has not been violated.
The statute provides that the offer to confer a bribe must seek to affect the judgment or action of a public servant in his capacity "as a public servant”. This language has been broadly construed to encompass acts which are within the "colorable” authority of the public officials (People v Chapman, 13 NY2d 97; People v Lafaro, 250 NY 336; People v Clougher, 246 NY 106; People v Jackson, 191 NY 293), but that authority must relate to the public position held by the official at the time of the bribe offer (People v Berg, 228 App Div 433, affd 254 NY 544). Colorable authority, as applicable to the statute, has been held to exist where a bribe is offered to a public official "to act corruptly in a matter to which he bears some official relation, though the act itself may be technically beyond his official powers or duties” (People v Lafaro, supra, p 342). The person here approached was not a member of the town board and, in his position as a public servant, lacked any power related to his office which, colorably or otherwise, could affect the decision of that board. There are, of course, no allegations that members of the town board, the only persons authorized to vote on or to take the action sought by the defendants, were being bribed. In People v Chapman (13 NY2d 97, supra) the defendant was charged with offering a bribe to a police officer to influence the release of one Horace Ross, who had been arrested by the officer. The issue centered on whether the officer had actual authority to procure the release since Ross had been booked at the time of the bribe and the officer’s duties with regard to the matter had ended. The court held, however, that it was within his power, as the arresting officer, to alter his statements or disclaim knowledge of sufficient facets to justify the arrest, thereby effectuating release. Chapman is a straightforward case where the policeman was in a position, by the very nature of his public office, to achieve the result sought by the bribe offer and is distinguishable from the present case where the nature of the Assemblyman’s job is in no manner related, even colorably, to the desired end.
*1097 While there are other sections of the Penal Law which may be offended by the conduct charged in the present indictment (see Penal Law, § 105.00 et seq.), we are limited to the alleged violation of section 200.00, the only violation charged in the indictment before us, which we find to be deficient.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.

 Defendant Herskowitz was also charged with offering to bribe the arresting officer. The motion to dismiss that indictment has been denied and thus will proceed its natural course to trial.