THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DUNBAR, Appellant.

Third Department, July 14, 1977

*E. Stewart Jones, Jr.,* for appellant.

*Elbert H. Watrous, Jr.,* District Attorney (*Kathleen Heirich Casey* of counsel), for respondent.

MAHONEY, J. The indictment upon which the defendant was convicted charged him as follows:

"THE GRAND JURY OF THE COUNTY OF SCHENECTADY, by this indictment hereby accuse the defendant of the crime of OFFICIAL MISCONDUCT, in violation of Section 195.00 of the Penal Law of the State of New York, committed as follows:

"On or about and between the month of October, 1974, and the 27th day of January, 1975, the defendant, a public servant, with intent to obtain a benefit or injure or deprive another of a benefit did commit an act which relating to his office, constituted an unauthorized exercise of his official function, to wit, the defendant in his capacity as a public servant requested personal favors from a certain Grace Zwack, before he would perform a duty which was imposed upon him by the law. Further, the defendant failed and refused to issue a certain pistol permit to one Neil D. Cuomo until he obtained the aforesaid personal favors from the aforesaid Grace Zwack."

At trial the People produced evidence from which the jury could properly conclude that the defendant, in his capacity as confidential clerk to a Schenectady County Court Judge, agreed to issue a pistol permit to one Neil Cuomo only if Cuomo's friend Zwack would have sexual relations with the defendant.

Defendant's principal contention on appeal is that the charge to the jury presented a new theory of guilt not suggested by either the indictment or the trial evidence (see CPL 200.50). According to the defendant the court charged that a verdict of guilty of official misconduct could be returned if the jury merely found "that only the County Judge may decide and determine the eligibility for pistol permits and that that judgment, undertaken by anyone else, i.e., Mr. Dunbar, was unauthorized".

Defendant's brief cites to certain pages of the trial transcript as the location of the erroneous portions of the charge. Although misleading language does appear on the cited pages, upon reading the entire portion of the charge on the official misconduct count we find that the proper questions were put to the jury. The court summarized its charge in a way which excluded any inference by the jury that they could convict defendant merely for usurping authority which only the County Judge himself could exercise. The court stated that "it is for you to decide whether the defendant made the alleged

offer to Grace Zwack and whether he wrote the letter denying the Cuomo application and, if you find that he did, whether he did it because she had refused his proposition, and if so, whether such act related to his office and was an unauthorized exercise of his official functions, knowingly committed by him."

The phrase "unauthorized exercise of his offical functions", which is taken directly from section 195.00 of the Penal Law, refers in this context to whether the defendant was authorized to issue permits on the basis of receipt of sexual favors. The charge as a whole cannot be reasonably interpreted to mean that the defendant could be convicted simply for arrogating to himself the proper powers of a County Judge. The matter is further clarified by the indictment and the text of section 195.00 of the Penal Law both of which were read in the charge and which make clear that the essence of the accusation is demanding a benefit in exchange for exercising the powers of office. The record contains a memorandum from the County Judge, put in evidence by the defense, granting defendant complete control of issuing pistol permits, so the defendant had at least the *de facto* power to issue or withhold such permits. We have examined the defendant's other contentions and find them to be without merit.

The judgment should be affirmed.

GREENBLOTT, J. P. KANE, MAIN and HERLIHY, JJ., concur.

Judgment affirmed.