■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER

Rossi, Appellant.—Judgment of conviction, Supreme Court, New York County, rendered June 9, 1978, after trial to a jury, unanimously reversed, on the law, and the indictment dismissed. We are faced with the problem of whether a Correction Department officer, who undertakes to "fix" traffic summonses upon payment to him of a sum of money by an undercover operative, has thereby offended section 200.10 of the Penal Law, "Bribe receiving in the second degree." The question is squarely answered in *People v Herskowitz* (41 NY2d 1094). The statute provides that the offer to receive a bribe must be upon an understanding that his actions "as a public servant will thereby be influenced." *(Herskowitz, supra*, p 1096.) A Correction Department officer has no authority in the described premises, not even "colorable" authority *(People v Chapman,* 13 NY2d 97), by way of some official relation thereto *(People v Lafaro,* 250 NY 336, 342). The action taken by defendant, corrupt or not, was completely unrelated to his position, and not such as would be within the scope of his real or apparent authority. By the same token, defendant's conviction under the same indictment, covering the same acts, of violation of section 195.00, "Official misconduct", may not stand. The described circumstances were not of "an act relating to his office [as a Correction Department officer] but constituting an unauthorized exercise of his official functions" (subd 1). Whatever administrative derelictions or, possibly, other crimes may have been encompassed in defendant's improprieties, we are limited of course to the crimes for which defendant was indicted and of which he was convicted. Concur—Kupferman, J. P., Fein, Sullivan and Markewich, JJ.