■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON CHARLES, Appellant. — Judgment, Supreme Court, New York County (Rosenberger, J.), rendered March 23, 1981, convicting defendant, after a jury trial, of bribe receiving in the second degree and sentencing him to an intermittent sentence (weekends only) of 10 months, affirmed, and the matter remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). As part of an ongoing investigation into "fixing" of summonses at the Criminal Court facility at 346 Broadway, an undercover agent from the office of the Special Prosecutor, posing as a gypsy cab driver, caught the attention of defendant, a Criminal Court clerk, and showed him three traffic summonses. Defendant explained that as to the third ticket, issued for driving an uninsured vehicle, the minimum fine would be $100. Defendant cautioned the undercover agent, who was wearing a recording device, that, he would also lose his license for a year and then have to pay $300 to redeem it. After ascertaining that the undercover agent had never been in court before, defendant advised him, "I can get this one dismissed for you. This, this big one, this [$300], uninsured." Defendant further instructed the decoy, "Alright, you give me [$100] and I'll get this one dismissed for you. Alright, maybe the judge will dismiss these other two or maybe just a small fine, maybe five, ten dollars." Finally, defendant took the undercover officer into a locked bathroom near his office where the agent paid him $100. When the agent said "I give you [$100]", defendant responded "Si." Defendant then escorted the undercover agent into the courtroom, instructed him how to plead, and assisted him in paying his fines and obtaining receipts. Thus, the People's evidence, if accepted, compelled a guilty verdict on the charge of bribe receiving in the second degree (Penal Law, § 200.10). The People proved that defendant, a public servant, solicited, accepted or agreed to accept $100 to have a summons dismissed. (See Penal Law, § 200.10.) While it is true that the determination to dismiss was made by a Judge, whose judgment defendant did not influence, for the reason that the summons for an uninsured vehicle was improperly issued, defendant solicited and, in fact, accepted the $100 from the undercover agent on the "understanding" that his "action" as a public servant was "thereby [being] influenced." (Penal Law, § 200.10.) This is sufficient for a finding of guilt. It is no defense to a prosecution for bribe giving or receiving that the public servant who is sought to be influenced was not qualified to act in the particular way desired by the bribe giver because the result which the bribe giver sought was not strictly within the scope of the public servant's authority. (*People v Chapman,* 13 NY2d 97.) We have examined the various other contentions raised by defendant and find that they are without merit. Concur — Sandler, Sullivan, Ross and Alexander, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and remand for resentencing on the lesser included offense of receiving unlawful gratuities. The defendant, a court clerk in the Traffic Summons Part, was convicted of bribe receiving in the second degree, a class D felony (Penal Law, § 200.10). However, the evidence demonstrates that he in no way exercised any decision-making power or took any discretionary action. He received a benefit for engaging in conduct he was otherwise required to perform, and therefore he is guilty of receiving unlawful gratuities, a class A misdemeanor (Penal Law,

§ 200.35). An undercover operator of the office of the Special Prosecutor sought assistance from this court clerk. There is no evidence other than that he acquired money for giving advice and assisting the undercover operator in the proceedings which terminated substantially favorably for the undercover operator. The determination was by the Judge who presided, and there is no indication of any undue influence by the court clerk.