■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON MARYLAND, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (Wood, J.), rendered December 1, 1983, convicting him of bribery in the second degree, promoting prison contraband in the second degree and unlawful possession of marihuana, after a nonjury trial, and imposing sentence.

Judgment affirmed.

The evidence at trial clearly proved that defendant made an offer of money to the correction officers who had caught him receiving contraband, in exchange for their not pressing charges against him and his girlfriend. The essential elements of bribery were thus established (Penal Law § 200.00; *see, People v Graham,* 57 AD2d 478, 482, *affd* 44 NY2d 768; *People v Brown,* 48 AD2d 95, 96, *affd* 40 NY2d 381, *cert denied sub nom. New York v Brown,* 433 US 913; *cf. People v Charles,* 61 NY2d 321, 326; *People v Harvey,* 235 NY 282, 287). Defendant's contention that the officers were obligated to further investigate the bribe offer is without merit. Efforts by law enforcement officials to either elicit and record on tape subsequent offers, or to arrange a passing of money, while helpful to the fact-finding process, are not required to prove bribery *(see, People v Harvey, supra,* p 287). Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.