■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JACK GROSKIN, Respondent.—Order unanimously affirmed. Memorandum: Defendant, a part-time community services worker employed by the New York State Department of Correction, was indicted for official misconduct (Penal Law § 195.00 [1]). The indictment alleged that defendant "exercised his discretion not to deny a female person known to the Grand Jury, conjugal visits with her husband, who was incarcerated at the Clinton Correctional Facility, Dannemora, New York, in return for this female person providing him with sexual favors". County Court dismissed the indictment on the ground that defendant's exercise of discretion did not constitute a physical "act" (Penal Law § 15.00 [1]). We affirm, but for a different reason.

The crime of official misconduct may occur even where a public official's duty is couched with discretion (see, People v Mackell, 47 AD2d 209, 217, affd on other grounds 40 NY2d 59; see also, Penal Law § 5.00). However, viewing the evidence in the light most favorable to the People (see, People v Warner-Lambert Co., 51 NY2d 295, cert denied 450 US 1031), we conclude that the People failed to establish a prima facie case. The indictment charges the defendant with official misconduct

in that he "exercised his discretion not to deny a female person known to the Grand Jury, conjugal visits with her husband, who was incarcerated at the Clinton Correctional Facility".

Defendant had no authority to grant or deny conjugal visits to the complainant as alleged in the indictment. Defendant's duties were narrowly confined by Correctional Services Directive No. 4500, III (B) (5-7) to meeting with family members in their home to obtain verification of their relationship to the inmate, explaining the family reunion program, obtaining any information requested by his superiors, and forwarding a form containing the required information to the area coordinator of the Family Reunion Program. Defendant had no actual or apparent authority to make any recommendations whatsoever regarding conjugal visits. He simply gathered information upon which his superiors granted or denied requests for conjugal visits. Hence, defendant could not be indicted for exercising discretion he did not have.

The People's reliance upon cases holding that a defendant need only possess the "color of authority" to act (see, e.g., People v Jackson, 191 NY 293; People v Dunbar, 58 AD2d 329) is misplaced. In each of the cases relied upon, the defendant was performing "a function belonging to his office" (People v Jackson, supra, p 300; cf. People v Rossi, 69 AD2d 778, affd on mem below 50 NY2d 813) and had at least delegated authority to perform the act which was the subject of the indictment. This is not the case here because defendant lacked authority to exercise discretion not to deny conjugal visits as alleged in the indictment. (Appeal from order of Onondaga County Court, Mordue, J.—dismiss indictment.) Present—Doerr, J. P., Denman, Green, Pine and Schnepp, JJ.