Simons, J.
(dissenting in part). I would affirm insofar as defendant was convicted of violating Penal Law § 200.00 under the first count of the indictment. The evidence established that defendant offered a benefit to a public official intending to influence official action. He did so by deliberately stuffing $310 into the pocket of the investigator inspecting the Carter Hotel, after the inspector had identified a code violation. In my view, that conduct constituted bribery, third degree, as defined by the statute. The majority concludes the indictment must fail, however, because there was no evidence establishing that the bribe-giver "understood” the inspector’s actions would be influenced thereby. If defendant did not understand this, it is difficult to imagine what could have been in his mind. At the very least, the evidence was sufficient to permit the jury to infer that defendant understood his payment would procure a benefit. The majority apparently believes it was foreclosed from drawing such an inference absent evidence that the inspector accepted or acquiesced in the bribe. The statute, however, requires only the intent to influence official action and defendant’s conduct was no less culpable merely because the investigator reported the incident to his superiors. Were it otherwise, there could be no bribery of undercover agents.
I disagree with the majority’s interpretation of the statute because it establishes not only a novel mens rea for the crime —one inconsistent with the statute’s legislative history and the New York law on bribe-giving generally — but makes brib *181 cry of a public official hinge upon the mens rea of the bribe-receiver, not the bribe-giver. While the majority disclaims any requirement of mutuality, its dismissal of the indictment in this case establishes a requirement of nothing less. Had the majority concluded only that the court’s instructions were in error for failing to correspond with its interpretation of the statute, it would remit for a new trial. Its decision to dismiss rests upon a determination that the evidence is insufficient because the inspector did not exhibit some evidence of an "understanding”; defendant had only the hope that the money would influence official action. The crime does not require such evidence. It is the intent and belief of the bribe-giver that is relevant, not that of the receiver. The Legislature could hardly have intended that citizens are free to offer cash to public officials just so long as the officials do nothing to prompt the offer.
The gist of the crime of bribery is the wrong done to the people by the corruption in the public service (People v Chapman, 13 NY2d 97, 101; People v Lafaro, 250 NY 336, 342).* Indeed, it is irrelevant that the result the bribe-giver seeks is lawful and proper (see, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 200, at 454). It is the effort to bypass the orderly processes of government to secure an impermissible advantage that is criminal. That being so, the purpose of the bribery statutes is satisfied if the bribe-giver intends his act to influence a public servant’s conduct.
The language of the statute requires no more. It provides:
"A person is guilty of bribery in the third degree when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant’s vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced” (Penal Law § 200.00).
*182 The operative words are "confers, or offers or agrees to confer.” The courts below concluded this element of the crime was satisfied if defendant, by his conduct, intended to influence the investigator’s conduct. That construction is consistent with the crime as it was defined in sections 371, 378, 465,1233 and 1822 of the former Penal Law from which section 200.00 is derived (see, People v Grossman, 145 Misc 781, 782) and we are advised by the revisors that in enacting the new statute, "no major or substantive changes” were intended (see, Commn Staff Notes, reprinted in Proposed NY Penal Law [Study Bill, 1964 Senate Int 3918, Assembly Int 5376] art 205, at 371 [1964]; Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, at 453; see also, People v Brown, 48 AD2d 95). The majority effectively writes the term "offer” out of the statute by focusing on the phrase "agreement or understanding” and thus making the crime dependent on the acts of the bribe-receiver. In my view, the phrase "agreement or understanding” was not intended to require mutuality, as the majority concedes, or even acquiescence from the receiver. The words, as found in the present statute and in former Penal Law § 2440 (bribing a witness), have been correctly construed to be "tantamount to 'with the intent’ ” (People v Kathan, 136 App Div 303, 307 [addressing Penal Law § 2440, bribing a witness]; People v Brown, 48 AD2d 95; see also, People v Brown, 40 NY2d 381, 395 [Breitel, Ch. J., dissenting, "the crime of bribery did not require any agreement or understanding to accept a bribe”]).
This interpretation harmonizes with New York’s other bribery statutes which provide that the mens rea requirement for the crime is only an intent to bribe (see, Penal Law § 180.00; Public Officers Law § 75). Thus, the majority’s determination that defendant is innocent rests upon the fortuity that defendant bribed a public official, for those bribery statutes dealing with business persons, labor officials, sports participants and others base the crime expressly or implicitly on the intent of the bribe-giver. There would seem to be no reason why the bribery of public servants should require some greater quantum of proof before the crime is committed, when the revisors disclaimed any intent to make a substantive change in the former statute which required none. Indeed, it is not clear that the majority’s interpretation actually requires a greater quantum of proof. By defining "understanding” as a "unilateral perception or belief’ (majority opn, at 178), the majority, *183 in my view, is saying nothing more than that the bribe-giver has the intention to influence oficial action.
The majority also support their view by reference to People v Harper (75 NY2d 313, supra) and other decisions of this Court involving bribe-receiving (see, majority opn, at 177). The mental state of the other party to the transaction is significant in the crime of bribe-receiving to insure that the receiver understands the purpose of the transaction, as those cases hold, but it is irrelevant in the case of bribe-giving, such as the one before us, where the bribe-giver has made his purpose with respect to a specific matter manifest.
Accordingly, I dissent and would affirm the judgment insofar as it finds defendant guilty on the first count of the indictment.
Chief Judge Wachtler and Judges Kaye and Titone concur with Judge Bellacosa; Judge Simons dissents in part and votes to modify in another opinion in which Judge Hancock, Jr., concurs; Judge Smith taking no part.
Order reversed and indictment dismissed.

 This continued to be the essence of the crime, even after the revision of the Penal Law (see, People v Graham, 57 AD2d 478, 482, quoting from a former Practice Commentaries to Penal Law § 200.00: " 'The gist of the crime of bribery is the effort to secure an impermissible advantage’ ”). People v Harper (75 NY2d 313), relied upon by the majority and cited extensively in its opinion (see, majority opn, at 176, 177), involved a charge of bribe-receiving by a witness, in violation of Penal Law § 215.05. The "gist” of that crime (see, majority opn, at 176) is not relevant to bribe-giving under Penal Law § 200.00.