■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JAMES, Also Known as OTMAR ABRAHAMSEN, Appellant.— Motion by the People, upon notice to the appellant, to dismiss his appeal from an order of the Supreme Court, Queens County, dated January 12, 1965, denying his motion to suppress evidence. Motion granted; appeal dismissed. The order is not appealable; it may be reviewed only upon an appeal from the judgment of conviction (Code Crim. Pro., §§ 517, 813-c). Motion by appellant for leave to appeal as a poor person and for assignment of counsel, dismissed as academic. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

## (June 28, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK COLUMBO, Also Known as JAKE COHEN and as GIACHINO COLUMBO; SALVATORE VARIO, BENJAMIN GREENFEDER and JAMES MARINACCI, Appellants.— Appeal by four defendants, Columbo, Vario, Greenfeder and Marinacci, from judgments of the County Court, Suffolk County, rendered June 15, 1964 after a jury trial, convicting each of them of (a) conspiring to obstruct law enforcement; (b) offering to bribe a police officer; and (c) bribing a public officer (Penal Law, § 580, subd. 6; § 378). Defendants Columbo and Marinacci were sentenced to serve terms of 4 to 8 years on the bribery count, and were given suspended sentences on the other counts; defendant Greenfeder was sentenced to a term of 3 to 8 years on the bribery count, and was given suspended sentences on the other counts; defendant Vario was sentenced, as a second felony offender, to a term of 8 to 15 years on the bribery count and was given suspended sentences on the other counts. Defendant Columbo died after the argument of this

appeal; however, his counsel has requested that we retain jurisdiction of his appeal and determine it on the merits. Judgments reversed on the law and new trial granted as to defendants Vario, Greenfeder and Marinacci. No questions of fact were considered. Judgment reversed on the law and indictment dismissed as to defendant Columbo. No questions of fact were considered. The death of defendant Columbo after argument of this appeal precludes a new trial as to him. At the trial, many hours of tape recordings were played back to the jury. These tapes contained secretly recorded conversations between the defendants and certain police officers; and it was the substance of these conversations which provided the main basis for the indictments and the convictions. These tape recordings were physically admitted into evidence over objections, but their contents were not transcribed or stenographically recorded by the court reporter, either when played back to the jury or at any other time. Nor was any accurate transcript of the tapes produced by the prosecutor. [The prosecutor did produce a transcript, but he refused to vouch for its accuracy, so the court denied defense counsels' request for permission to see and use it when cross-examining the prosecution witnesses.] The tape recordings have been submitted to us as exhibits, but their contents are not in the trial minutes or in any other part of the written record on this appeal. With the record in this incomplete state, we find it impossible to adequately review the propriety of the conviction of any of the defendants. Hence, we are constrained to reverse and grant a new trial as to the surviving defendants Vario, Greenfeder and Marinacci (*People* v. *Lomoso*, 284 App. Div. 670; *People* v. *Willis*, 16 A D 2d 822; *People* v. *Chrisjohn*, 17 A D 2d 758; *People* v. *Genova*, 15 A D 2d 44; *People* v. *Moorer*, 20 A D 2d 730). The defects in the procedures relating to the admission of the tapes, which resulted in the unsatisfactory state of this record, might well have been averted if transcripts of the tapes had been prepared and distributed to counsel in advance of trial, and if the tapes had been played in the absence of the jury (but in the presence of counsel) for the purpose of comparison and for rulings on all objections raised with respect to any prejudicial or otherwise inadimissible material contained in the tapes. Such procedure would have insured a complete record and a proper review on appeal. Christ, acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.