William M. Perry, J.
The defendant was convicted after trial on the 28th of January, 1970 for violating section 200.30 of the Penal Law (giving unlawful gratuities).
The violation of said section consisted of the defendant in the presence of two patrolmen, giving a $10' bill to a Patrolman Oarlock, stating at the time,1 ‘ Here, you fellows, buy some coffee for all the homework you have done. ’ ’
This act was done after the two patrolmen in question had finished investigating a motor vehicle accident which had involved a truck owned by a corporation of which the defendant is the president.
The defendant is now applying for a writ of error coram nobis, upon the grounds that the factual situation as presented by the testimony adduced at his trial, does not fall within the legislative intent underlying section 200.30 of the Penal Law. The issues presented on this application are whether coram nobis relief is a proper remedy and whether defendant’s argument on legislative intent is meritorious.
A writ of error coram nobis cannot be used to correct an error of law, which appears on the face of the record. (People v. Sadness, 300 N. Y. 69; People v. Sullivan, 3 N Y 2d 196; People v. Mons, 195 Misc. 479.)
The proper procedure for the correction of such an error must be limited to the normal appeal, motion in arrest of judgment or motion to withdraw a plea (People v. Sadness, supra). Since we have in the case at bar an alleged error of law appearing on the face of the record, coram nobis relief is not applicable. Therefore, the court on its own motion will treat the motion of the defendant as an application for arrest of judgment on the ground that the facts stated do not constitute a crime.
Section 331 of the Code of Criminal Procedure provides that objections to the jurisdiction of the court over the subject of the indictment or that the facts stated do not constitute a crime may be taken in arrest of judgment.
*809 It is well settled that a motion in arrest of judgment is limited to two grounds: first, that the court has no jurisdiction over the subject of the indictment by reason of its not being within the jurisdiction of the court; and second, that the facts stated in the indictment do not constitute a crime (People v. Meakim, 133 N. Y. 214; People v. Perrin, 170 App. Div. 375).
We will, therefore, consider the application herein as one to arrest judgment and will therefore determine whether or not the facts adduced in the trial of the instant action in fact constituted a crime.
Section 200.30 of the Penal Law provides that a person is guilty of giving unlawful gratuities when he 11 knowingly confers, or offers or agrees to confer, any benefit upon a public servant for having engaged in official conduct which he was required or authorized to perform, and for which he was not entitled to any special or additional compensation ’ ’.
This section, being a new addition to the Penal Law, has not as yet been ruled upon by any appellate court of our State and accordingly, we will look to other jurisdictions for analogous situations. In subdivision (f) of section 201 of title 18 of the United States Code is a similarly worded statute, and it provides : whoever, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gives, offers, or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, or other person enumerated therein shall be guilty of bribery.
In United States v. Irwin (354 F. 2d 192, 196, 197, cert. den. 383 U. S. 967) the defendant was prosecuted for violation of subdivision (f) of section 201 of title 18 of the United States Code. The court stated therein that “the awarding of gifts * * * is an evil in itself [under the statute], even though the donor does not corruptly intend to influence the employee’s official acts ”.
The court went on to state, “ It is not necessary for the Government to show that the gift caused or prompted or in any way affected the happening of the official act or had anything to do with its nature or extent or the manner or means by which it was performed ’ ’.
The defendant contends that the giving of a tip after the event had taken place could no longer result in preferential treatment of him by the police.
This court believes that there need not be a possibility or probability of preferential treatment to have a violation of sec *810 tion 200.30. The wording of the section itself does not require it and in United States v. Irwin (supra) dealing with a similarly worded statute (U. S. Code, tit. 18, § 201, subd. [f]) the court stated that all that was necessary is that the defendant’s purpose in giving the gift was to give additional compensation, or a reward, gratuity or similar favor by reason of some official act performed or to be performed by the public servant. Such a purpose was clearly shown at the trial of the defendant in the case at bar. Accordingly, as the defendant’s application for a writ of error coram nobis would not apply in the present situation, the court will treat it as a motion to arrest judgment. In the judgment of this court the facts adduced during the trial clearly constitute a crime under section 200.30' of the Penal Law and accordingly the application is denied.