Frank -Composto, J.
The court has conducted an audibility-intelligibility hearing with respect to two tape recordings and transcripts of the conversations recorded thereon. The court has listened to the tapes and has examined the transcripts thereof in order to determine whether the tape recordings and transcripts, or any part thereof-, may be used at the trial.
The court sets the standard for the admission of a recording. The credibility -of the recording, its accuracy and completeness are left to the Trial Judge to determine as preliminary questions of fact (United States v. Bryant, 480 F. 2d 785; United States v. McKeever, 169 F. Supp. 426).
The first tape (“ microphone ”) was recorded via a wireless transmitter on the person -of one of the officers. Portions of it were inaudible and unintelligible. If a recording is partly inaudible or unintelligible, the recording is nevertheless admissible unless those portions are so -substantial as to render the recording as a whole inadmissible (Monroe v. United States, 234 F. 2d 49, cert. den. 352 U. S. 873, rehearing den. 352 U. S. 937, mot. for lv. to file second petition for rehearing den. 355 U. S. 875). Accordingly, a recording should be excluded when it is almost entirely inaudible or unintelligible (People v. Sacchitella, 31 A D 2d 180; People v. Velella, 28 Misc 2d 579). In United States v. Hall (342 F. 2d 849), the court admitted the recording because, although 25% thereof was inaudible, that portion of the conversation relating to the bribe -offer and acceptance was clear and audible. In Addison v. United States (317 F. 2d 808), the court admitted the recording despite the fact that half of it was defective and the conversation on that part unavailable at the trial. Since there was ample basis for the court to find that the part of the conversation which was recorded was a reproduction of the conversation it purported to reproduce, its admission was proper. In summary, where inaudible and unintelligible portions cannot be deemed -so substantial as to render *1051 the whole untrustworthy, the admission of a recording, portions of which are either inaudible or unintelligible, is not prejudicial to defendants’ rights (Cape v. United States, 283 F. 2d 430, citing United States v. Schanerman, 150 F. 2d 941). Applying this standard to the “microphone ” tape the court finds it to be admissible.
The second tape recording (“ wire tap ”) recorded a telephone conversation. In listening to the recording, the court notes that it is almost entirely clear and intelligible with only a very small portion thereof being unintelligible. Applying the standards hereinabove set forth, the court finds the “wiretap” recording admissible.
The recording itself is the best evidence. Transcripts are not secondary evidence but may be used as an aid to understanding, as would a map or a photograph. Absent proof of the accuracy or the reliability of the transcripts, they may not be used (People v. O’Keefe, 280 App. Div. 546). However, where there is proof of their accuracy, they may be used as aids to the jury’s understanding of the recordings (People v. O’Keefe, 281 App. Div. 409, affd. 306 N. Y. 619, rearg. den. 306 N. Y. 744, cert. den. 347 U. S. 989). In the court’s discretion transcripts may be used contemporaneously with the introduction of the recordings to assist the court and jury while the recording is being played (People v. Feld, 305 N. Y. 322) or they may be excluded (People v. Roper, 17 N Y 2d 711; People v. Mitchell, 40 A D 2d 117; United States v. Schanerman, 150 F. 2d 941, supra).
In listening to the tape recordings, the court has compared the transcripts with the recordings. As far as the transcript of the “microphone” recording is concerned, the court finds it is not an accurate transcript, and therefore excludes the transcript of the ‘ ‘ microphone ’ ’ recording.
The transcript of the “ wiretap ” recording is almost entirely an accurate transcript and the court will permit the jury to use that transcript while it is listening to the “wiretap” recording.
The defendant asserts that the possibility that the machine which made the ‘ ‘ microphone ’ ’ recording was stopped and started during transmission completely destroys the context of any recorded conversation. The defendant has not established this contention at the hearing.
The misdescription of the trade name of the tape on which the ‘ ‘ wiretap ’ ’ recording was made is inconsequential and in no way affects the admissibility of the recording.