478

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GRAHAM, Appellant.

Fourth Department, June 3, 1977

*Condon & Sedita, P. C. (Joseph Sedita* of counsel), for appellant.

*Edward C. Cosgrove, District Attorney (Judith Blake Manzella* of counsel), for respondent.

WITMER, J. The indictment of defendant charged him with bribery in the second degree and obstructing governmental

administration. The court instructed the jury that they could find him guilty of giving unlawful gratuities as a lesser included offense of bribery in the second degree, and the jury convicted him thereof but found him not guilty of the two ·charges in the indictment. Although there was evidence on which the jury could find defendant guilty of giving unlawful gratuities and yet not guilty of bribery, he was not charged with the former, and so the conviction must be reversed. Possibly the court would have avoided the error of such charge had it not, before summations, committed the prior error of failing to advise counsel that it was planning to charge that the jury could find the defendant guilty of giving unlawful gratuities as a lesser included offense.

Defendant was a Captain in the Cheektowaga Police Department and Robert Mossman was a Detective therein. In February, 1976 Mossman arrested one Anderson for the unlawful use of a stolen credit card and theft of services. There is evidence that two days later defendant called Mossman to his office and said that he had been asked by a friend to help Anderson; that he would talk with the Judge and the District Attorney about the case and, if Mossman "was willing to go along with it, there would be a suit of clothes in it for" Mossman. Mossman parried the proposition, saying, "Well, let's see what happens"; but he resented the implication of defendant's proposal. He contacted a fellow officer and also an investigator for the State Police; and later when he was called again to defendant's office about this matter, he had a tape recorder in operation with him. Defendant resumed his discussion with Mossman of how they could help Anderson avoid trial on the charges against him; and at one point he told Mossman that when he came into court he would be paid. On trial it was argued for defendant that by this statement he was only referring to the fact that the town, Mossman's employer, would pay him for coming into court, which it would.

Defendant did contact the Judge and District Attorney. Giving evidence indicating that it was quite usual practice to reduce charges in a town court in cases of first offense, as this was against Anderson, the Justice and District Attorney testified that Anderson was properly permitted to plead guilty to two reduced charges of disorderly conduct, and was fined $50 on the one charge and was given an unconditional discharge on the other. On leaving court, Mossman walked with defend-

ant to the latter's office, where defendant gave him a $100 bill. Mossman accepted it, because the State Trooper had told him to accept a payment from defendant if offered.

On this trial for bribery, defendant objected to the introduction of the tape recording of his conference with Mossman. No transcription of the tape had been made for introduction into evidence along with it. There was evidence that parts of it were inaudible, and so could not be transcribed. Mossman stated that he was sitting about eight feet from defendant when the taped conversation took place. Mossman and his partner, Tehan, and others testified that they had listened to the tape and found that all of what Mossman said was audible and that all except a few words of what defendant said was audible. The court listened to the tape and ruled that it was admissible "on the grounds that the tape is the best evidence of the conversation, and that the material and relevant portions are substantially audible as to enable the jury to attach whatever weight to the recorded evidence it deems necessary".

Defendant contends that the court committed reversible error in receiving the tape, especially without verified transcription along with it. He relies principally on *People v Sacchitella* (31 AD2d 180); *People v Columbo* (24 AD2d 505); and *People v Gucciardo* (77 Misc 2d 1049). In *Gucciardo (supra,* pp 1050-1051) the court made a good statement of the law on the admissibility of a tape recording, as follows: "The credibility of the recording, its accuracy and completeness are left to the Trial Judge to determine as preliminary questions * * * If a recording is partly inaudible or unintelligible, the recording is nevertheless admissible unless those portions are so substantial as to render the recording as a whole inadmissible * * * Accordingly, a recording should be excluded when it is almost entirely inaudible or unintelligible *(People v. Sacchitella,* 31 A D 2d 180; *People v. Velella,* 28 Misc 2d 579) * * * (W)here inaudible and unintelligible portions cannot be deemed so substantial as to render the whole untrustworthy, the admission of a recording, portions of which are either inaudible or unintelligible, is not prejudicial to defendants' rights".

Since all but a very few words on the tape are audible in this case and an adequate review of the record can be had by replaying the tape, it was not necessary that a verified transcript thereof be offered into evidence with it, and it was not error for the court to admit the tape into evidence *(People v*

*Lubow,* 29 NY2d 58; *People v Mitchell,* 40 AD2d 117; and see Admissibility of Inaudible Sound Recording, Ann. 57 ALR 3d 746).

Before the summations defense counsel sought to have the court advise counsel how it was going to charge the jury, and he asserted that the defense was prejudiced in not knowing at the time of summation what the court would charge, but the court did not advise counsel thereof. In its instructions to the jury the court, in addition to submitting the crimes of bribery in the second degree and obstructing governmental administration, charged that the jury could find defendant guilty of the crime of giving an unlawful gratuity as a lesser included offense. Defendant objected to this aspect of the charge and asked the court to withdraw it from the jury, but the court declined to do so.

The statutory requirement (CPL 300.10, subd 3) is clear, that, "The court must specifically designate and submit, in accordance with the provisions of sections 300.30 and 300.40, those counts and offenses contained and charged in the indictment which the jury are to consider. *Such determination must be made, and the parties informed thereof, prior to the summations"* (emphasis added). CPL 300.30 (subd 1) makes it equally clear the the above-quoted section also refers to a "lesser included offense". By failing to obey this mandate of the statute, the court deprived defense counsel of the privilege of arguing to the jury the evidence as it related to such alleged lesser crime. It was patently prejudicial in view of the distinctions between the crimes of bribery in the second degree and giving unlawful gratuities, and it cannot be held to constitute harmless error *(People v Moody,* 52 AD2d 959; cf. *People v Vicaretti,* 54 AD2d 236, which is clearly distinguishable upon its facts).

Defendant argues, moreover, that not only was it error for the court to fail to advise counsel of the nature of its proposed instructions to the jury, but the court erred as a matter of law in charging that giving unlawful gratuities is a lesser included crime of bribery in the second degree. We must, therefore, compare the statutory definitions. Section 200.00 of the Penal Law provides that, "A person is guilty of bribery in the second degree when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant

will thereby be influenced". Section 200.30 of the Penal Law provides that, "A person is guilty of giving unlawful gratuities when he knowingly confers, or offers or agrees to confer, any benefit upon a public servant for having engaged in official conduct which he was required or authorized to perform, and for which he was not entitled to any special or additional compensation". "Lesser included offense" means, "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense' " (CPL 1.20, subd 37).

It is settled law that "if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense" (People v Mussenden, 308 NY 558, 561-562). Thus, before the court may charge a "lesser included offense" it must be satisfied (1) that the offense in question meets the statutory definition of a lesser included offense of the crime charged in the indictment and (2) that a reasonable view of the evidence would support a finding that the defendant committed the lesser offense but did not commit the greater (CPL 300.50; People v Johnson, 39 NY2d 364, 367; and see People v Greer, 49 AD2d 297, 301). However, if it appears that an additional element or fact must be shown to be present in the lesser crime, then it may not be found to be included in the greater crime (People v Acevedo, 40 NY2d 701; People v Moyer, 27 NY2d 252).

Applying these principles to this case, we note that "The gist of the crime of bribery is the *effort* to secure an impermissible advantage in the decision-making process of government" (39 McKinney's Cons Laws of NY, Penal Law, § 200.00, Practice Commentaries by Hechtman, p 407). Bribery is offering to a public servant a benefit to induce him "to act or refrain from acting in a matter over which he may be assumed to have power" (People v Chapman, 13 NY2d 97, 101). Giving an unlawful gratuity, on the other hand, involves conferring or offering a benefit to a public servant "for having engaged in official conduct", and does not require a finding of the possibility or probability of preferential treatment (see People v La Pietra, 64 Misc 2d 807). Thus, bribery constitutes influencing official conduct to be performed, while giving an unlawful gratuity is rewarding official conduct already performed.

"[T]he included crime must be one that is necessarily committed during the commission of the crime charged" in the indictment *(People v Flores,* 42 AD2d 431, 433). Thus, in order for the crime of giving unlawful gratuities to be a lesser included offense of bribery in the second degree, it must be impossible to commit the latter crime without concomitantly committing, *by the same conduct,* the former crime (CPL 1.20, subd 37). But the two crimes by their very nature are mutually exclusive, since the same conduct could not possibly constitute both crimes. Either the payment of a benefit influences official conduct or rewards it; it cannot do both. Thus, the above statutory requirement cannot be met.

Further, the crime of giving unlawful gratuities requires proof of elements not required to establish the crime of bribery in the second degree, to wit, the offer must be made *knowingly,* and the public servant must have engaged in official conduct "for which he was not entitled to any special or additional compensation" (Penal Law, § 200.30). As before noted, "Whenever the putative lesser crime requires proof of an element not required by the greater one, as is the case here, there is no inclusion" *(People v Acevedo,* 40 NY2d 701, 706). Because such additional elements must be shown to establish giving unlawful gratuities, it may not be said to be an included lesser crime of bribery in the second degree *(People v Moyer, supra),* and it was error for the court to submit it to the jury as such.

The People argue that on the facts of this case the jury could find defendant guilty of giving unlawful gratuities because they could have disbelieved that defendant offered to bribe Mossman (with a suit of clothes or otherwise) and yet could have believed that the defendant gave $100 to Mossman for having helped secure the reduction of the charges against Anderson to the minor offenses of disorderly conduct, the gift thus constituting an unlawful gratuity. That may very well be true; but it does not help the prosecution here, because defendant was not charged in the indictment with giving unlawful gratuities, and since the latter is not a lesser included offense of bribery in the second degree, defendant cannot be convicted of giving an unlawful gratuity.

Since defendant was acquitted of the charges contained in the indictment, and the court lacked authority to submit the crime of giving unlawful gratuities, the judgment must be

reversed and the indictment dismissed (see *People v Wall,* 34 AD2d 215, affd 29 NY2d 863; *People v Dugarm,* 49 AD2d 674).

We find no merit in the other assignments of error.

SIMONS, J. (dissenting). In determining whether a crime is a lesser included offense, it is "the particular facts of [the] case on which we focus rather than merely superimposing the 'impossibility' formula of lesser included offense upon the abstract statutory language" *(People v Stanfield,* 36 NY2d 467, 472) and as this court has held, in enacting CPL 1.20 (subd 37), the "Legislature meant an impossibility under the facts of the case on trial, not under some hypothetical alternative variety of the crime charged" *(People v Hayes,* 43 AD2d 99, 101, affd 35 NY2d 907). Under that test, I believe the trial court properly charged that giving an unlawful gratuity (Penal Law, § 200.30) was a lesser included offense of bribery, second degree (Penal Law, § 200.00).

The majority hold that the two crimes are mutually exclusive and that the same conduct cannot possibly constitute both. Bribery does not require payment before the official conduct, however, but only an agreement to pay and, where an agreement is made before the public official acts or refrains from acting and the payment is made after the fact, the same conduct may constitute both bribery, second degree and the giving of an unlawful gratuity. The payment of an official after he acts, as this indictment charges in the bribery count, may be bribery but it may also constitute giving an unlawful gratuity since all of the elements of that crime are present. Indeed, under the facts here, it was impossible for defendant to have committed the crime of bribery without also having committed the crime of giving an unlawful gratuity. It was proved that Mossman arrested Anderson for theft of services and misuse of credit cards; defendant thereafter approached Mossman and stated that if Mossman was willing to go along with helping him do something for Anderson, Mossman would get a suit of clothes; and following the disposition of the charges against Anderson, defendant gave Mossman $100. All of the elements of bribery, second degree, are present: (1) an offer to confer a benefit upon a public servant and, (2) an understanding that such public servant's action *as a public servant* would be influenced by the benefit. Furthermore, all of the elements of giving of an unlawful gratuity are present: (1) knowingly conferring a benefit upon a public servant, (2) for having engaged in official conduct which he was required

to perform and (3) for which he was not entitled to any special or additional compensation. It is true the two crimes differ in that bribery involves conduct before the action of a public official whereas giving an unlawful gratuity involves conduct after the action of a public official. But even though the two offenses differ in terms of time, the same conduct may constitute a violation of both.

The statute also uses different terminology in defining the offenses but the fact that the terminology differs does not require a finding of additional elements in order to establish the lesser crime and the use of "knowingly" contained in section 200.30 does not distinguish the two offenses. An offer to confer a benefit upon an agreement or understanding about the offer as required for the offense of bribery would necessarily mean that the offer was made knowingly as required for the offense of giving an unlawful gratuity. There cannot be an agreement or understanding without the person acting knowingly or according to the definition of "knowingly" in subdivision 2 of section 15.05 of the Penal Law, i.e., that the person is "aware" that his conduct is of a certain nature or that certain circumstances exist. The offense of giving an unlawful gratuity was a lesser included offense of the bribery charged in this indictment and the indictment should not be dismissed. However because of the court's error in advising the parties of its intention to charge down to giving an unlawful gratuity, the judgment should be reversed and a new trial granted.

MARSH, P. J., and GOLDMAN, J., concur with WITMER, J.; MOULE and SIMONS, JJ., dissent in part and vote to reverse the judgment and grant a new trial in an opinion by SIMONS, J.

Judgment reversed, on the law, and indictment dismissed.