OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be reversed, and the case remitted to that court for consideration of the facts (CPL 470.40, subd 2, par [b]) and as well such issues of law as were not previously considered in view of the nature of that court’s prior disposition.
When it appeared that numerous tape recordings would be offered by the People on the trial of this case, the trial court directed the District Attorney to prepare transcripts of the tapes. After two weeks of work the court was informed that an additional two months would be required to complete the transcription of all the tapes. After unsuccessfully soliciting practical suggestions from both prosecution and defense as to the best manner in which to proceed with the presentation of evidence at the trial, the court directed that the case proceed to trial with such transcripts as had then been prepared. Defense counsel, who had listened to all the tape recordings before the trial and who had been informed which tapes had been transcribed, neither requested additional transcription nor objected to the procedure ordered by the court.
Proceeding under this arrangement, the prosecution offered 42 tapes of recorded telephone conversations which were admitted into evidence and played to the jury. Defendant had participated in 18 conversations which were on six tapes, all of which had been transcribed. Nine additional tapes had been *671 transcribed. Meter readings were noted with respect to those portions of the untranscribed recordings which were played to the jury.
At the conclusion of the five-week trial the court dismissed all but four counts of the indictment. On this reduced submission the court carefully instructed the members of the jury that in arriving at their verdict they could only consider the contents of the six transcribed tapes which included recordings of defendant’s conversations. Defendant was thereafter found guilty on four misdemeanor counts.
The Appellate Term upheld defendant’s contention that the record was so incomplete as to preclude adequate appellate review, reversed the conviction on the law and ordered a new trial, noting that no questions of fact had been considered. We now reverse and reinstate the conviction, concluding that no claim of prejudicial error, if any there be, with respect to the lack of transcription has been preserved for appellate review.
Acknowledging that special problems may arise in consequence of the introduction, on trial or at hearings, of tape recordings without transcription, and recognizing that practical difficulties may attend such practice, especially in instances of their extended use, it does not follow that use of untranscribed tape recordings for which proper foundation has been laid is necessarily or even usually suspect. In view of the improving technologies of making and duplicating such recordings, often they offer a useful and effective method of recorded communication. Attention to practicalities in connection with their use is always relevant, but it should not be assumed that such use always or even frequently will raise issues of the dimension of legal error.
These considerations aside, as previously noted, defense counsel in this case was fully informed of the court’s proposed trial procedure and was afforded ample opportunity to consider and to make suggestions or to object. He registered no protest (CPL 470.05, subd 2). Beyond that, while objections were made to the admission of the tape recordings in their entirety and before the tapes were played, most of the objections raised related to recordings which had been transcribed, and no objections were interposed during the playings of the recordings. Thus, the circumstances are not such as to prevent or impair adequate appellate review of the trial court’s evidentiary rulings (contrast People v Columbo, 24 AD2d 505, 506).
*672 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed and case remitted to the Appellate Term, 9th and 10th Judicial Districts, for further proceedings in accordance with the memorandum herein.