OPINION OF THE COURT
Benjamin Altman, J.
The court conducted an audibility-intelligibility hearing of a videotape recording of the testimony of two witnesses to determine whether a typed transcript of the recording should be used contemporaneously with the introduction of the recording to assist the court and jury while the recording was being played. The defendant had made a motion to exclude the use of the typed transcript by the jury at the time of trial.
The court watched and listened to the recordings and exam *26 ined the transcripts thereof in order to determine the accuracy and completeness of the transcripts and to determine whether the transcripts may be used at the trial.*
The defendant contends that he will be prejudiced by the use of transcripts in conjunction with the viewing of the videotape. There is no question that the jurors will not be permitted to take the transcripts into the jury room.
This court has found no reported cases in New York State dealing with the question of the use of transcripts by the jury in conjunction with the viewing of videotape. The use of videotape in the criminal justice system is a comparatively recent innovation of electronic advances, the admissibility of which was approved in People v Higgins (89 Misc 2d 913).
Although there are no reported New York criminal cases involving the reading of a transcript contemporaneously with the viewing of a videotape recording, it is well established that where there has been proof of the accuracy of the typed manuscripts, they may be used on trial as an aid to understanding tape recordings. (See People v Feld, 305 NY 322; People v Gucciardo, 77 Misc 2d 1049; People v O’Keefe, 281 App Div 409, affd 306 NY 619, mot for rearg den 306 NY 744, cert den 347 US 989.)
It is within the court’s discretion to determine whether transcripts may be used contemporaneously with the introduction of the recordings to assist the court and jury while the recording is being played (People v Feld, supra).
In sustaining the use of transcripts of recorded conversations by the court and jury, the court in Feld noted that the transcripts were not secondary evidence. The court stated (pp 331-332): "The recordings were the best evidence of the conversation, the transcript added nothing. To allow the court and jurors to hold in their hands a transcript as they listened to the playback of records was no different than allowing them to have, in an appropriate case, a photograph, a drawing, a map or a mechanical model, any of which have long been recognized as an assistance to understanding (People v. Del Verno, 192 N. Y. 470; 2 Wharton on Criminal Evidence [11th ed.], p. 1274; 22 C.J.S., Criminal Law, p. 1201).”
Absent proof of the accuracy or the reliability of the transcripts, they may not be used (People v O’Keefe, 280 App Div 546). However, where there is proof of their accuracy, they *27 may be used as aids to the jury’s understanding of the recordings (People v O’Keefe, 281 App Div 409, affd 306 NY 619, mot for rearg den 306 NY 744, cert den 347 US 989).
This court finds little distinction between the use of transcripts as an aid to the jury to be used with tape recordings and transcripts used with videotapes as an aid.
The court has compared the transcripts with the videotape recordings of the witness’ testimony and finds that although the recording is difficult to understand in parts, the transcript is almost entirely accurate and will permit the jury to use that transcript while it is listening to the videotape recording.
No substantial right of the defendant will be prejudiced under the circumstances by allowing the jurors to use the transcript as an aid to understanding the videotape.
On the contrary, the use of the transcripts will be of benefit to the defendant as it will deter the jury from speculating on the testimony which is unclear.
Accordingly, the defendant’s motion is denied.

 The admissibility of the videotape was ruled on prior to this hearing.