■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RUTKOWSKY, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered December 10, 1976, convicting him of bribery (Penal Law, former § 200.00) and two counts of rewarding official misconduct (Penal Law, former § 200.20), after a nonjury trial, and imposing sentence. Judgment affirmed and case remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Defendant, in an effort to acquire title to parcels of property which did not have recorded identifiable owners, entered into an agreement with two draftsmen in the Assessor's office of the Town of Brookhaven. In exchange for 25% of any profit realized from the ultimate sale of the parcels of property, the draftsmen agreed to ascertain the location of parcels of land in Brookhaven with unknown, unrecorded owners. In addition to cash payment to the draftsmen, defendant advised them of the location of a certain parcel of land in the Town of Southampton with no recorded owner. At defendant's suggestion, the aunt of one of the draftsmen deeded that property, as grantor, to the draftsmen as grantees even though she had no color of title. Although such a deed could convey no title to the property, which was valued at $51,000, it did give the draftsmen an advantage over others who might seek title to it. Consequently, the evidence established that defendant offered to confer, and did confer, benefits, monetary and in kind, on two draftsmen employed by the Town of Brookhaven, for information with respect to the location of parcels of land with no recorded owners. Although that information was not necessarily "confidential", defendant clearly induced and rewarded preferential treatment, in that those public servants spent hours of town time compiling land descriptions for defendant, provided defendant with free copies of maps and, when they ascertained the location of parcels with no recorded owners, refrained from entering that information on the town tax map, and, instead, turned the information over to defendant. Since the intent and result of defendant's conduct was to secure an impermissible advantage over the public, he is guilty of the charges (see *People v Graham*, 57 AD2d 478; *People v La Pietra*, 64 Misc 2d 807, affd 64 Misc 2d 810). With respect to the contention that defendant was deprived of a fair trial when the prosecutor conversed, *in camera*, with the court, we note that such a practice is not condoned except in extraordinary circumstances (see *People ex rel. Rosner v Warden, Bronx House of Detention for Men*, 53 AD2d 519; cf. *People v Darden*, 34 NY2d 177). Here, the prosecutor apparently demanded the *in camera* audience simply to avoid revealing to the defendant in advance the testimony of a witness he intended to call at trial. However, there was no prejudice to the defendant, who later stipulated as to what the witness would testify, i.e., that he was present when defendant allegedly paid money to one of the draftsmen. We have considered defendant's other contentions and find them to be without merit. Suozzi, J. P., Lazer, Gulotta and Shapiro, JJ., concur.