OPINION OF THE COURT

Per Curiam.

Order rendered January 15,1980 (WRIGHT, J.) reversed in all respects; the verdict rendered September 26, 1979 convicting the defendant of petit larceny (Penal Law, § 155.25) and criminal possession of stolen property, third degree (Penal Law, § 165.40), is reinstated.
The court below, in setting aside the jury’s verdict, concluded that a video tape introduced into evidence by the *462 People, as the principal proof of defendant’s guilt, was of such poor quality as to be incapable of supporting the jury’s verdict. It has been held that a tape recording must be excluded from evidence if it is so inaudible and indistinct that a jury must speculate as to its contents (People v Mincey, 64 AD2d 615; People v Sacchitella, 31 AD2d 180). But a recording will be admitted, even if partly inaudible or unintelligible when those portions are not so substantial as to render the whole recording untrustworthy (People v Graham, 57 AD2d 478, affd 44 NY2d.768). The same principles which have been enunciated in regard to tape recordings should be applied to video tape evidence.
We have viewed the video tape in question and we disagree with Trial Term that the quality of the video tape is so consistently poor as to be incapable of supporting the jury’s verdict. While portions of the video tape are indistinct those portions are not so extensive as to render the entire video tape untrustworthy. The defendant identified himself in the video tape and we conclude that the proof adduced at trial, including the video tape was legally sufficient to sustain the verdict of defendant’s guilt.. It cannot be said that the verdict was against the weight of the evidence in the accepted legal sense; the determination of guilt is for the jury and the verdict should not have been disturbed.
The case is remitted to the Criminal Court of the City of New York for proceedings to direct the. defendant to surrender himself to said court for sentencing (CPL 380.20).
Concur: Tierney, J. P., Riccobono and Asen, JJ.